## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | |
|---|---|
| TIMOTHY GRACE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 1:24-cv-131 |
| v. ) | |
| ) | |
| UNUM LIFE INSURANCE COMPANY ) | |
| OF AMERICA and UNUM GROUP ) | |
| CORP., ) | |
| ) | |
|     Defendants. ) | |

## **PROTECTIVE ORDER**

This matter is before the Court upon the Parties' Joint Motion for Entry of Protective Order. [Doc. 25]. In support of the motion, the parties represent that they are seeking this order, pursuant to Fed. R. Civ. P. 26(c), to expedite discovery and to facilitate the production of private and/or confidential information regarding certain documents to be produced by and between the parties. By agreement of the parties and for good cause shown, it is hereby **ORDERED** that the referenced motion [Doc. 25] is **GRANTED** and this Order shall govern discovery as follows:

1. <u>"Confidential" Materials</u>. "Confidential" materials are documents or information so designated by the producing party. A party disclosing or producing the information, documents or things, that it believes to be "Confidential" may designate the same as "Confidential" or by using some similar designation, or by designating in writing (by correspondence or otherwise) that some or all documents produced are "Confidential." A party shall make the designation of "Confidential" only as to material which that party reasonably and in good faith believes is confidential and entitled to protection.

In addition to designating documents generally "Confidential," a party may designate appropriate material as "Personal Information Confidential," or "PI Confidential," when such material is a document or information that contains private, personal, and/or confidential information regarding certain specific employees of Defendants, including salary and/or bonus information, which information is entitled to protection (hereafter, "Confidential" will refer collectively to material designated "PI Confidential" and generally "Confidential," unless specifically stated otherwise).

Any such designation shall be made at the time answers to interrogatories or answers to requests for production are served; or at the time that tangible things or copies of the documents are furnished to a party conducting such discovery. If upon review any party believes that any documents, information, or tangible items designated by a designating party are not "Confidential" as defined herein above, then the party may challenge such designation under the procedures set forth in paragraph 13 below.

If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provision of this Order.

2.    Scope of "Confidential" Designation. The special treatment accorded the documents designated "Confidential" under this Order shall reach:

      a.    All documents designated "Confidential" under the terms of this Order;
      b.    All copies of such documents;
      c.    Any deposition transcript or exhibit, or portion thereof, that discusses such documents;

2

> d. Any portion of any discovery answer or response, affidavit, declaration, brief or other paper, filed with the Court, or as an exhibit to such paper that discusses such documents.
>
> e. Any deposition transcript or portion thereof that is designated "Confidential" under the terms of this Order; and
>
> f. All information contained in such documents or depositions.

However, the scope of this Order does not reach any "Confidential" Materials used at trial or filed in conjunction with dispositive motion briefing, which material shall be governed by separate agreement or order, as provided in Paragraph 7.

3. <u>Restrictions on Disclosure of "Confidential" Materials</u>. Except with written prior consent of all parties and except as provided elsewhere in this Order, including paragraph 9, all materials produced in this suit that are designated "Confidential" shall be used solely in this suit (including any appeals), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions. Materials designated "Confidential," and all information in them, may not be disclosed, divulged, revealed, described, paraphrased, quoted, transmitted, disseminated or otherwise communicated to any person other than:

> a. The parties to this litigation or Court personnel;
>
> b. Counsel for parties in this suit;
>
> c. Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;
>
> d. Court reporters employed to transcribe depositions or hearings of this suit;
>
> e. Actual or potential deposition or trial witnesses to testify concerning the suit;
>
> f. Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this suit; and
>
> g. Mediators who are hired to assist in the settlement of this suit.

4. <u>Certification of Compliance.</u> No person authorized to receive access to "Confidential" materials under the terms of this Order (except for those persons identified in paragraph 3(a)-(d) of this Order) shall be granted access to them until such person has read this Order and agreed in writing to be bound by it pursuant to the form attached to the Order as Exhibit

3

1. These written agreements (in the form of Exhibit 1) shall be maintained by counsel for the parties and made available upon Order of the Court to any party.

5. <u>Use of "Confidential" Materials at Depositions</u>. Any "Confidential" materials marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" materials at a deposition, at the request of the party asserting confidentiality, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of this Order.

6. <u>Designating Portions of the Deposition Transcripts Confidential</u>. Any party may, within twenty (20) days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as being "Confidential." Confidential deposition testimony or exhibits may be designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential." Until expiration of the 20-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order. If no party timely designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the remaining portions of the deposition, subject to the right of any party to challenge such designation under paragraph 13.

7. <u>Filing Confidential Documents with the Court</u>. If any party desires that materials containing confidential information be filed with the Court, that party may—if such materials meet the sealing standards as set forth in the Court's Memorandum and Order Regarding Sealing

Confidential Information [Doc. 5]—seek to leave from the Court to file such documents under seal using the procedures set forth in such Memorandum and Order.

8.    <u>Protected Material Subpoenaed or Ordered Produced in other Litigation</u>: If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that Party must:

    a.    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    <u>Non-Termination</u>. The provisions of this Order shall continue to apply to all "Confidential" materials and information after this suit has been terminated. Upon termination of this suit, including all appeals, the parties shall return all "PI Confidential" materials to the producing party within thirty (30) days. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction for "PI Confidential" material.

Plaintiff's counsel may retain and attempt to use "Confidential" materials and information that is not "PI Confidential" in any pending action filed by Plaintiff's counsel against Unum Group,

and/or its subsidiaries and related insurance companies. Prior to using such "Confidential" material, Plaintiff's counsel will notify defense counsel in the other pending case and in this case, in writing, of the "Confidential" information that has been retained from this case so that appropriate objections may be made. Additionally, prior to so using "Confidential" material, Plaintiff's counsel shall agree to be bound by, and cooperate in the entry of, a protective order (hereinafter referred to as the "Child Order") similar in form to this Protective Order, the specific provisions of which would be subject to the approval of the situs court in order to be consistent with that court's local rules, legal authority, or practice. The Child Order will provide the court in the other pending case with jurisdiction to control the use of the "Confidential" material in that case. The Child Order will not allow for initiating a challenge to the confidentiality designation of documents where that designation is the subject of a pending challenge in this or another active litigation, or has been previously challenged in this or another litigation and the court presiding over the challenge has ruled on such challenge by addressing the merits of whether the documents are entitled to protection as qualified confidential documents. Nothing in this paragraph shall prejudice, or be deemed a waiver of, Defendants' rights to object to the admissibility of the "Confidential" materials in the other pending action where the "Confidential" information is used.

10.    No Admissions. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that a particular document or information (1) is, or is not, confidential; (2) is, or is not, admissible into evidence for any purpose; and (3) is, or is not, subject to inclusion in any "administrative record" filed in this cause.

11.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.    Interim Protection. "Confidential" materials produced by any party in response to discovery requests served after the filing of the complaint in this suit and prior to the entry of this

6

Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

13. <u>Procedures for Challenging "Confidential" Designation</u>. If upon review any party believes that any materials, information or tangible items designated by a Designating Party are not "Confidential," then the party may challenge the designation by notifying the designating party in writing. Any challenge to the confidential designation must be made no later than 30 days after the later of the close of discovery provided in the applicable scheduling order or the date that the Designating Party provides its designations.

The written notice must specifically identify the challenged materials, information or tangible items by bates numbered pages where available. The designating party must then seek a protective order from the Court for such materials, information or tangible items. Failure to file a Motion for Protective Order within thirty (30) days of receiving the notification of a party's challenge to the designation shall cause such materials, information or tangible items to be excluded from the provisions of this Order. At all times, the designating party bears the burden of proving the materials, information or tangible items contain information appropriately subject to a Protective Order. The filing of a Motion for Protective Order by the designating party within the time limit set forth above shall preserve the designation of said materials until a ruling by this Court that the challenged material is not entitled to "Confidential" protection. However, as noted above, no party may initiate a challenge to the confidentiality designation of documents where that designation is the subject of a pending challenge in this or another active litigation, or has been previously challenged in this or another litigation and the court presiding over the challenge ruled on the merits that the document or information was entitled to protection as confidential.

Prior to submitting to this Court disputes regarding confidentiality of materials, the parties shall confer and shall report to this Court on the outcome of the conference.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

TIMOTHY GRACE,                                    )
                                                  )
      Plaintiff,     )
                                                  )   Civil Action No. 1:24-cv-131
v.                                                )
                                                  )
UNUM LIFE INSURANCE COMPANY                       )
OF AMERICA and UNUM GROUP                         )
CORP.,                                            )
                                                  )
      Defendants.    )

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER
## FOR CONFIDENTIALITY OF INFORMATION

In consideration of the disclosure to me of certain information which is subject to the Protective Order for Confidentiality of Information entered by this Court, I state as follows:

1.    That I reside at _____, in the city and county of _____and the state of _____.

2.    That I have read and understand the Protective Order dated _____, entered into in the above styled civil action (the "Action");

3.    That I agree to comply with and be bound by the provisions of the Protective Order;

4.    That I will not divulge to persons other than those specifically authorized by paragraph 3 of the Protective Order, and will not copy or use, except solely for the purposes of this Action, any confidential document or information as defined by the Protective order, except as provided herein.

5.     That I understand that if I violate the terms of the Protective order, I may be subject to an enforcement proceeding before this Court, including an application to have me held in contempt; and

6.     That I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings seeking enforcement of the Protective Order.

Signature:_____Date: _____

Case 1:24-cv-00131-TRM-CHS     Document 28     Filed 12/27/24     Page 10 of 10
PageID #: 3230